IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, on behalf of himself, his grandchildren, and all similarly situated,  )<br>)<br>)<br>)<br>  Plaintiff,  )<br>)<br>  v.  )<br>)<br>EPA,  )<br>)<br>  Defendant.  ) | | 8:12CV388<br><br><br><br><br><br>**MEMORANDUM**<br>**AND ORDER** |

Plaintiff filed his Complaint in this matter on November 2, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 4.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on November 2, 2012, against the Environmental Protection Agency ("EPA"). (Filing No. 1.) In the Complaint, Plaintiff alleges that he lives in a lead contaminated Superfund site in Omaha, Nebraska. (*Id*. at CM/ECF pp. 1-4.) Plaintiff states that the EPA has given the parties responsible for the lead contamination "sweet hart" deals and "squandered millions" in Superfund money. (*Id*.) Plaintiff also asserts that he "warned" the EPA that if it did not use Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")/Superfund money to move him out of the Omaha Superfund site, he would sue. (*Id*. at CM/ECF p. 1.) Plaintiff asks this court to direct the EPA to move him and his family out of the Superfund site. (*Id*. at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### 1. Plaintiff's Grandchildren and Others Similarly Situated

Plaintiff purports to bring his Complaint on behalf of himself, his grandchildren and all others "similarly situated." (Filing No. 1.) However, a non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (concluding a non-attorney pro se party may not represent another's interests). Accordingly,

2

Plaintiff's grandchildren and all others "similarly situated" will be dismissed from this matter.

    2.    *CERCLA*

It is unclear from Plaintiff's Complaint whether he is challenging an ongoing cleanup under CERCLA. However, "[n]o Federal court shall have jurisdiction under Federal law . . . to review any challenges to removal or remedial action selected" by the EPA under sections 9604 or 9606(a) of the Act. 42 U.S.C. § 9613(h); *see also Ark. Peace Ctr. v. Ark. Dep't of Pollution Control & Ecology*, 999 F.2d 1212, 1214 (8th Cir. 1993). Stated another way, "courts generally may not review challenges to CERCLA cleanup efforts ('removals' and 'remedial actions'), but they may review such challenges when brought in citizen suit—so long as the citizen litigants wait until the cleanup is done before suing." *Pollack v. U.S. Dep't of Defense*, 507 F.3d 522, 525 (7th Cir. 2007). Plaintiff has not alleged, nor shown, that the cleanup has been completed.

    3.    *Federal Torts Claims Act*

Liberally construed, Plaintiff's allegations sounds in tort. Indeed, the crux of Plaintiff's Complaint is that the EPA has not responded appropriately during the cleanup of the Omaha Superfund site. Plaintiff alleges that the EPA has "squandered money," given the responsible parties "sweet hart" deals, and failed to move Plaintiff and his family out of the area. These types of allegations may constitute a claim under the Federal Torts Claims Act ("FTCA")

> against the United States, for money damages, . . . , for injury or loss of property, . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a

> private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

However, "[a] federal district court does not have jurisdiction over an FTCA claim unless it was 'first . . . presented to the appropriate federal agency . . . within two years of when the claim accrued.'" *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (quoting *Walker v. United States*, 176 F.3d 437, 438 (8th Cir. 1999) (per curiam)); *see* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").

Although Plaintiff alleges he has "warned" the EPA that he would "sue," Plaintiff has not alleged the date in which he first presented his claims to the EPA. (Filing No. 1.) Moreover, Plaintiff has not alleged that the EPA denied his claim. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). Accordingly, Plaintiff has failed to allege sufficient facts for the court to reasonably infer that it has jurisdiction over his FTCA claims.

On the court's own motion, Plaintiff shall have an opportunity to file an amended complaint that properly establishes this court's jurisdiction. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims will be dismissed without further notice. Plaintiff should be mindful to include copies of any notices given to the EPA and the EPA's responses to those notices.

IT IS THEREFORE ORDERED that:

1. Plaintiff's grandchildren and all others similarly situated are dismissed from this matter.

2. Plaintiff shall have until **March 19, 2013**, to amend his Complaint and clearly state a claim upon which relief may be granted against the EPA in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims will be dismissed without further notice for failure to state a claim upon which relief may be granted.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **March 19, 2013**.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 19th day of February, 2013.

                                      BY THE COURT:

                                      *s/ John M. Gerrard*
                                      United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.